IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENJAMIN BENITEZ,

    Petitioner,           No. CIV S-03-2406 LKK KJM P

    vs.

MIKE EVANS[1],

    Respondent.         FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus challenging his Tehama County conviction following his plea of nolo contendre and the resulting sentence of twenty years.

I. Background

    On September 17, 2001, petitioner entered pleas of no contest to a violation of California Penal Code § 286(c) and one count of a violation of California Penal Code § 288.5 on the understanding that he would receive a total term of twenty years. Answer, Lodged Doc. 1 at 2. He was sentenced consistent with this plea agreement on October 22, 2001. Id.

/////

---

[1] The court substitutes Warden Mike Evans for A.A. LaMarque, the former warden of Salinas Valley State Prison, where petitioner is incarcerated. Fed. R. Civ. P. 25(d).

1

Appointed appellate counsel for petitioner filed a "no issues" brief and the Court of Appeal found no error. Id.; Lodged Doc. 2.

On December 9, 2002, petitioner filed a petition for a writ of habeas corpus in Tehama County Superior Court, alleging he was not advised of his right to consult with a consular official before being interviewed by law enforcement authorities. Lodged Doc. 3 at 3 & Ex. 3 (Tehama County Sheriff's Department Report) at 2. The Superior Court denied the writ in an order filed December 12, 2002. Lodged Doc. 4.

Petitioner then filed a habeas petition in the Court of Appeal, raising the same ground. Lodged Doc. 5. The Court of Appeal denied the petition on December 12, 2002. Lodged Doc. 6.

Finally, petitioner filed a habeas petition with the California Supreme Court, again raising the single ground. Lodged Doc. 7. The Supreme Court denied the petition on July 9, 2003. Lodged Doc. 8.

On November 18, 2003, petitioner's federal habeas petition was filed in this court, following transfer from the United States District Court for the Northern District. In his federal habeas petition, petitioner raised three grounds: (1) authorities failed to inform him of his right to consult with an official from the Mexican consulate; (2) defense counsel failed to inform him of the immigration consequences of his plea; and (3) he was moved through Nevada in violation of the Interstate Agreement on Detainers and this illegal movement gave authorities the ability to take DNA evidence illegally. Pet. at 7-8.

On March 4, 2005, this court recommended that respondent's motion to dismiss be granted because the petition raised both exhausted and unexhausted grounds. The district court adopted this recommendation on May 10, 2005, and gave petitioner the option of filing a petition containing the single exhausted issue.

On June 20, 2005, this court recommended that the action be dismissed because petitioner had not filed an amended petition. In his objections, filed July 11, 2005, petitioner

asked that the court proceed on the exhausted issue. Accordingly, on August 9, 2005, the District Court directed this court to deem the objections to be an amended petition and to direct respondent to file a response to that petition; this court issued such an order on December 29, 2005.

Respondent filed an answer to the amended petition on February 27, 2006, arguing that the amended petition still contained two unexhausted grounds and that the single exhausted ground did not entitle petitioner to relief.

Petitioner filed an "objection" to the answer on March 27, 2006.

II. <u>Standards Under The AEDPA</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA"). See <u>Ramirez v. Castro</u>, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[2] Courts are not required to

---

[2] In <u>Bell v. Jarvis</u>, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional

1  address the merits of a particular claim, but may simply deny a habeas application on the ground
2  that relief is precluded by 28 U.S.C. § 2254(d).  Lockyer, 538 U.S. at 71 (overruling Van Tran v.
3  Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2000) in which the Ninth Circuit required district
4  courts to review state court decisions for error before determining whether relief is precluded by
5  § 2254(d)).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief
6  by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

   The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

   The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such

---

claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta."  However, to the extent Bell stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees.  Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief.  See Lockyer, 538 U.S. at 70-71; Ramirez, 365 F.3d at 773-75.

law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003).  Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law.  See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

### III.  Consultation With Consular Officials

Petitioner alleges he was denied his right to consult with Mexican consular officials before officers questioned him.

The Tehama County Superior Court issued the last reasoned opinion on this claim:

> Petitioner entered a guilty plea.  This plea admits all of the allegations necessary for conviction on the charges to which Petitioner plead guilty.  Consequently, any potential violations of Petitioner's right against self incrimination prior to court proceedings are not in issue.

Lodged Doc. 4.[3]

/////
/////
/////
/////

---

[3] The state court also found petitioner had defaulted the issue by not raising it on direct appeal.  Respondent does not claim that the issue is procedurally defaulted, however, and so has waived the defense.  Francis v. Rison, 894 F.2d 353, 355 (9th Cir. 1990).

The Supreme Court has held:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973).[4]

There are two exceptions to this general rule. Claims that implicate "the very power of the State to bring the defendant into court to answer the charge brought against him" are cognizable in a habeas proceedings, as are those claims the state recognizes as surviving a guilty plea. Blackledge v. Perry, 417 U.S. 21, 30 (1974); Lefkowitz v. Newsome, 420 U.S. 283, 289 (1975).

Article 36 of the Vienna Convention on Consular Relations (Vienna Convention) "concerns consular officers' access to their nationals detained by authorities in a foreign country." Sanchez-Llamas v. Oregon, ___ U.S. ___, 126 S.Ct. 2669, 2675 (2006). Article 36(1)(b) provides that, upon request of the national being detained, "the competent authorities" in the country of detention "shall, without delay, inform the consular post" of the national's country "if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner." Vienna Convention on Consular Relations art. 36(1)(b), Apr. 24, 1963, 1969 WL 97928, 21 U.S.T. 77. In other words, "when a national of one country is detained by authorities in another, the authorities must notify the consular officers of the detainee's home country if the detainee so requests." Sanchez-Llamas, 126 S.Ct. at 2675. Article 36(1)(b) also provides that authorities in the country of detention "shall inform the person concerned without delay of his rights" under the subsection.

/////

---

[4] A no contest plea has the same effect as a guilty plea. Cal. Penal Code § 1016.

Because Article 36 expressly states that it was drafted "[w]ith a view to facilitating the exercise of consular functions," it is not clear whether Article 36 grants rights to individual defendants that may be raised during criminal proceedings. In Sanchez-Llamas, the Supreme Court merely assumed, without deciding, that Article 36 grants such individual rights. Id. at 2677-78. However, the Court in Sanchez-Llamas also determined that suppression of evidence "would be a vastly disproportionate remedy for an Article 36 violation." Id. at 2681. In light of this recognition, this court cannot say that a violation of the Vienna Convention involves the power of the state to bring a defendant into court. Indeed, no Supreme Court case before Sanchez-Llamas had found that the Vienna Convention gave individual defendants rights enforceable in their criminal cases. See Breard v. Greene, 523 U.S. 371, 376 (1998) (Vienna Convention "arguably" creates individual rights). Moreover, at the time the state Supreme Court denied petitioner's state habeas petition, the Ninth Circuit had held that a violation of the Vienna Convention did not translate into a suppression of a defendant's statement given before he was notified of his right to consular notification. United States v. Lombera-Camorlinga, 206 F.3d 882, 888 (9th Cir. 2000). The state court's conclusion, therefore, was not an unreasonable application of clearly established federal law.

IV. Immigration Consequences Of A Plea

Petitioner alleges he was not informed of immigration consequences that might flow from his plea of nolo contendre, apparently alleging that this undercut the "knowing" nature of his plea. He also suggests that counsel was ineffective in failing to advise him of the immigration consequences of the plea. Respondent urges, correctly, that this issue continues to be unexhausted. Nevertheless, this court may proceed "when it is perfectly clear that the petitioner has no chance of obtaining relief." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005), cert. denied, 546 U.S. 1172 (2006).

One component of a knowing plea is the defendant's awareness of the direct consequences of his plea. Brady v. United States, 397 U.S. 742, 755 (1970). Such consequences

1  include a mandatory special parole term, ineligibility for parole and the maximum punishment
2  provided by law. Torrey v. Estelle, 842 F.2d 234, 236 (9th Cir. 1988). While a court must
3  inform the defendant of the direct consequences of his plea, it need not inform him of any
4  collateral consequences of the plea. United States v. Littlejohn, 224 F.3d 960, 965 (9th Cir.
5  2000). Immigration consequences are collateral consequences of a plea, so a court is not
6  constitutionally required to advise defendants about potential deportation or denial of citizenship
7  before taking a plea. United States v. Amador-Leal, 276 F.3d 511, 517 (9th Cir. 2002).
8  Counsel's alleged failure to advise petitioner of the collateral consequences of his plea does not
9  constitute ineffective assistance of counsel. Torrey v. Estelle, 842 F.2d at 237.

V.  Transportation Through Nevada

As respondent notes, this claim for relief is neither exhausted nor comprehensible. Petitioner suggests that because of the violations of the Vienna Convention, he was illegally transported through Nevada; he also suggests that Nevada authorities did not advise him of his Miranda rights.

As noted above, the claimed violation of the Vienna Convention does not survive petitioner's plea nor does the state court's denial of any such issue violate clearly established federal law. Moreover, even assuming this Miranda claim survived petitioner's plea, he has not demonstrated that he gave a statement to Nevada authorities. Wanner v. Satran, 633 F. Supp. 257, 262 (D.N.D. 1986) (authorities' failure to give Miranda warnings not error when there was no statement or no attempt to use a statement).

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: September 20, 2007.

_____
U.S. MAGISTRATE JUDGE

2/beni2406.157